The jurors for the State, upon their oath present, that James Dalton of the county of Rutherford, on 1 October, 1817, with force and arms in the county of Rutherford, by his own head and imagination, feloniously and wittingly did falsely forge *Page 278 
and make, and cause to be falsely forged and made, and did feloniously, willingly and wittingly assent in falsely making, forging and counterfeiting a certain acquittance and receipt against a book account, in the words, letters and figures following, that is to say, "3 September, 1816. Received of James Dalton, his book account in full. JOHN LOGAN," with intent to defraud one John Logan, of the county of Rutherford aforesaid, against the form of the statute in that case made and provided, and against the peace and dignity of the State.
And the jurors aforesaid, upon their oath aforesaid, do further present, that the said James Dalton, afterwards, to wit, on the said 1 October, 1817, aforesaid, with force and arms in the county aforesaid, a certain false, forged and counterfeited acquittance and receipt, against a book account, feloniously, wittingly, knowingly and corruptly did show forth in evidence as true, which said last mentioned acquittance and receipt is in the words, letters and figures following, that is to say: "3 September, 1816. Received of James Dalton his book accompt in full. JOHN LOGAN"; with an intent to defraud the said John Logan, of the county of Rutherford aforesaid, he, the said James (380) Dalton, at the time when he so showed forth in evidence the said last mentioned false, forged and counterfeited acquittance and receipt, well knowing the same acquittance and receipt, so by him showed forth in evidence as aforesaid, to be false, forged and counterfeited, against the form of the statute in such case made and provided and against the peace and dignity of the State.
The prisoner was found guilty, and the only question here was as to the sufficiency of the indictment.
The term, book account, is unknown in the law, and in common parlance it may mean money, goods, labor and whatever may be brought into account. The charge is therefore too indefinite, either to support the indictment upon the act of Assembly or at common law. Had the indictment charged the forging of an acquittance for goods, this would certainly have been proper evidence to be left to a jury. But as the indictment is substantially defective, there can be no judgment for the State, and it must therefore stand arrested. *Page 279